**In re ESTATE of Paul WITTENBERG, Deceased.**

**George W. CURRAN and David E. Horn, Co-Administrators of the Estate of Ella W. Salisbury, Deceased, c.t.a. d.b.n., Plaintiffs-Claimants-Appellants,**

v.

**Aldena WITTENBERG, Administratrix of the Estate of Paul W. Wittenberg, Deceased, Defendant-Respondent.**

No. 40308.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 16, 1979.

Application to Transfer Denied
March 13, 1979.

George W. Curran, David E. Horn, St. Louis, for plaintiffs-claimants-appellants.

Joseph A. Herbers, St. Louis, for defendant-respondent.

GUNN, Judge.

Appellants as administrators of the estate of Ella W. Salisbury, c.t.a. d.b.n., filed claim in the St. Louis probate court for $70,999.97 plus interest against the estate of Paul Wittenberg. The probate court allowed $49,-533.99 with interest but classified the claims as 5th class. Appellants appealed the probate court's order to the circuit court arguing that the claims should have been given equitable lien status and priority over non-equitable claims against the estate. The circuit court affirmed the probate court's ruling and appellants appeal. We affirm.

The matter was submitted to the circuit court on a stipulation of facts, the substance of which was that Paul Wittenberg, acting in a fiduciary relationship as financial confidant to his aunt, Ella W. Salisbury, and executor of her estate after her death, had confiscated certain of her funds for his personal use. Appellants, as administrators of the estate of Ella Salisbury, claim an equitable lien on the assets of Paul Wittenberg's estate after his death.

The standard of review guiding us in this suit in equity is that the trial court's judgment is to be sustained unless: there is no substantial evidence to support it; it is against the weight of the evidence; it erroneously declares or applies the law. *Roth v. Roth*, 571 S.W.2d 659 (Mo.App.1978).

*Owen v. Smith*, 532 S.W.2d 538 (Mo.App. 1976), relied on by the trial court in its judgment, is felicitous to the issue before us. In *Owen*, the court applied its cachet to Restatement (Second) of Trusts § 202 (1959), which with comment *o.* on Subsection (2) provides:

> (1) Where the trustee by the wrongful disposition of trust property acquires other property, the beneficiary is entitled at his option either to enforce a constructive trust of the property so acquired or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, as long as the product of the trust property is held by the trustee and can be traced.

> (2) Except as stated in Subsection (1), the claim of the beneficiary against the trustee for breach of trust is that of a general creditor.

\*     \*     \*     \*     \*     \*

o. *Necessity of tracing trust property.* The claim of the beneficiary against the trustee for breach of trust does not of itself entitle him to priority over the general creditors of the trustee. Thus, if the trustee sells trust property and dissipates the proceeds, the beneficiary is not entitled to priority over other creditors of the trustee. The beneficiary is entitled to priority only if and to the extent that he can trace the trust property into a product. He must prove not only that the trustee once had the trust property, or property which is in whole or in part the product of the trust property. As has been stated, the mere fact that the trust property or its proceeds has been mingled with the trustee's individual property in one distinguishable mass does not prevent the beneficiary from following the trust property and obtaining in part at least priority over the trustee's general creditors. But if it is shown that the property or its proceeds has been dissipated so that no product remains, or if the beneficiary fails to prove that the trustee still has property into which the trust property is traceable, his claim is only that of a general creditor of the trustee.

\* \* \* \* \* \*

Restatement of Restitution § 215, comment a. Subsection 1 (1937). See also, 76 Am. Jur.2d *Trusts* § 252 (1975).

The stipulation of facts contains no tracing of any of the alleged trust property into the Paul Wittenberg estate nor is there any suggestion of the commingling of Paul Wittenberg's personal funds with his aunt's. Thus, appellants have not shown that they have anything other than a general creditor's lien, as the circuit court and probate court correctly found.

*Cross v. Cross,* 362 Mo. 1098, 246 S.W.2d 801 (1952), and *Orr v. St. Louis Union Trust Co.,* 291 Mo. 383, 236 S.W. 642 (1921), relied on by appellants are not in point, for in each case it was clear that the fiduciaries had commingled the beneficiaries' funds with their own. Not so here. As stated in Restatement of Restitution, supra, cited with approval in *Owen v. Smith,* supra:

(1) Except as stated in Subsection (2), [dealing with brokers] where a person wrongfully disposes of the property of another but the property cannot be traced into any product, the other has merely a personal claim against the wrongdoer and cannot enforce a constructive trust or lien upon any part of the wrongdoer's property.

The stipulation of facts does not trace the alleged trust fund into property or mingled mass. Therefore, no equitable lien can be imposed on the assets of Paul Wittenberg's estate.

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.