KELLY, Plaintiff in Error, v. JOHNSON *et al.*, Defendants in Error.

1. A resulting trust arises by operation of law where the purchase money of real estate is paid by one person and the legal title is transferred to another. The relation of trustee and *cestui que trust* in such cases must result from the facts as they exist at the time of or anterior to the purchase, and can not be created by subsequent occurrences.
2. It is not essential to the creation of a resulting trust that the money advanced should come directly from the *cestui que trust;* it is sufficient if it satisfactorily appear that the person supplying it intends it as a gift or loan to such *cestui que trust.*

*Error to St. Louis Land Court.*

This was an action commenced September 17, 1856, against Benjamin Johnson and Frances A. Graham. The petition set forth that in March, 1853, Johnson purchased and took to himself a conveyance of an undivided half of certain real estate; that he held it in trust for himself and one Robert Graham equally; that Graham had furnished one-half the purchase money under an understanding that they should be tenants in common of said interest in said land although the conveyance was made to Johnson alone; that Graham died about August 1, 1855, having first devised his interest in this land to Jane Kelly, plaintiff; that Johnson refused to convey

the interest so devised to Jane Kelly; that Frances A. Graham, widow of Robert Graham, claims to be the owner of the interest devised to Jane Kelly. The petition prayed that Johnson might be compelled to convey the undivided half of said land to said Jane Kelly.

The answer of the defendants set up that before the commencement of this suit Johnson had conveyed the said undivided half of the land purchased by him to the defendant Frances A. Graham; that Johnson made the cash payment on account of said purchase, and gave his notes secured by by deed of trust for the balance; that afterwards Robert Graham advanced money to take up these notes (amounting to one-half the purchase money) under the verbal understanding and agreement that he (Johnson) should hold the one-half interest aforesaid in trust for the sole and separate use and benefit of said Frances A. Graham; that Johnson accepted the trust, and continued to hold said interest subject to it until he conveyed the trust property to the *cestui que trust*, Mrs. Graham.

The consideration of the conveyance to Johnson was one thousand two hundred dollars. Robert Graham, by will, devised his interest in the land in controversy to the plaintiff, Mrs. Jane Kelly, his sister. Declarations of both Johnson and Graham, to the effect that they owned the land together and were jointly interested in it, were introduced in evidence. The defendants offered a deed dated April 3, 1856, from Johnson to Mrs. Graham conveying to her the undivided interest of one-fourth, recited therein to have been held in trust for Mrs. Graham. This deed was delivered April 5, 1856, but was not recorded until October, 1856. Plaintiff had no notice of it until its record. At the instance of the defendants the law was declared as follows : " If the deed from Benjamin Johnson to Frances A. Graham, read in evidence, is genuine, the plaintiffs are not entitled to the relief prayed in their petition." The plaintiffs thereupon suffered a voluntary nonsuit, with leave, &c. The husband of Mrs. Kelly died pending the suit, and it was continued in her name.

*Gantt*, for plaintiff in error.

I. The deed from Johnson to Mrs. Graham cuts no figure in the case at all. It was not known to the plaintiff before the commencement of this suit. On his own showing the interest retained by Johnson was abundantly sufficient to support a decree for a conveyance prayed for by the plaintiff. The case of Brueggeman v. Jurgensen, 24 Mo. 87, is not applicable. Even if Johnson had retained no interest in the land, the doctrine of that case would not be applicable. Both parties interested are before the court. Mrs. Graham is a volunteer, and not a *bona fide* purchaser for value. Graham had a resulting trust in the land which he disposed of to his sister. The answer seeks to set up a different trust, but there is no evidence to suport it. Graham had no such understanding.

*Krum & Harding*, for defendants in error.

I. The relief prayed for can not be granted. (Brueggeman v. Jurgensen, 24 Mo. 87.) It makes no difference that Mrs. Graham is a party to this suit. No relief is prayed against her. She is not nor is Johnson charged with any fraudulent conduct. The plaintiffs, by their testimony, made out no case which would authorize the court to grant the relief prayed for. They are forced to rely on the admissions of the answer. These admissions must be taken as a whole. They show that there was no resulting trust in favor of Robert Graham. Graham advanced no money until after the purchase. (Hill on Trustees, 97.)

NAPTON, Judge, delivered the opinion of the court.

A resulting trust arises by operation of law, where the purchase money of an estate is paid by one and the legal title is made in another. In such case the person named in the conveyance is regarded as a trustee for the party from whom the consideration proceeds. This doctrine is based upon the common law principle that a feoffment without consideration results to the use of the feoffor. But the relation of trustee

and *cestui que trust* in such cases must result from the facts which occur at the time of or anterior to the purchase, and can not be created by subsequent occurrences. Hence where an agent is employed to purchase a tract of land and the purchase is made and the title taken in the name of the agent, and no part of the purchase money is paid by the principal at the time of or previous to the purchase, the trust is within the statute of frauds and can not therefore be enforced if its existence is denied by the agent. (Hill on Trustees, 97 and cases cited.) Where a trustee purchases in the name of a third person with trust funds, the resulting trust, it has been held, will not be to himself but to his *cestui que trust*. (Russell v. Allen, 10 Paige, 249.) So it has been held that it is not essential to a resulting trust that the money advanced should come directly from the *cestui que trust*, if it satisfactorily appears that the person who supplied it intended it as a gift or loan to such *cestui que trust*. (Page v. Page, 8 N. H. 187; Gower v. Tradesman's Bank, 4 Sand. 106; Boyd v. Maclean, 1 John. Ch. 582.)

The answer in this case alleges that Johnson (one of the defendants) made the payment of one-half of said purchase money out of his own means, and gave his notes, secured by a deed of trust on the property, for the unpaid balance; " that at the maturity of said notes, he paid and discharged them with money which said Graham advanced and paid to him under the express and distinct verbal understanding and agreement that he, said Johnson, should thenceforth hold said one-half of the interest in said land which he had purchased in trust for the sole and separate use and benefit of his defendant Frances A. Graham, then the wife and now the widow of said Robert Graham," &c. This answer admits a trust as to one-half of the land, but seems designed to raise a resulting trust in Mrs. Graham, and not in her husband. It is not stated in so many words that the money advanced by Graham was money belonging to the wife, nor that Graham designed it or treated it as a gift to his wife; but it was probably intended so to be inferred that the money was a gift to the separate

use of the wife, and, consequently, that the use of the land would result to her and not to the husband.   It is evident that if the money advanced by Graham was not either the separate property of the wife or a gift to the wife, the resulting trust would be to the husband, and a parol declaration changing the direction which the implication of law would give it, if valid at all, could at all events be revoked by similar ones at a subsequent period.   If the deed had been made in the name of the party intended to be benefited by it, this would not be so, for then a subsequent change of intention could not have the effect of altering the nature of the transaction so as to convert the donee into a trustee for volunteers subsequently claiming under him.   (Birch v. Blagrove, Ambl. 266.)   But even in such cases, a subsequent disposition of the property by will would raise the case of an election against the donee if the donee claimed any benefit under the will.   (Cecil v. Butcher, 2 Jac. & Walk. 578 ; Dummer v. Pilcher, 2 Mylne & Keen, 262.)

It will be seen from the bill of exceptions in this case that none of the questions we have here briefly alluded to, and which we suppose must ultimately determine the merits of this suit, were decided in the land court.   The case went off on an instruction that the deed from Johnson to Mrs. Graham, if genuine, was an end of the controversy so far as the relief asked for in the petition was concerned, and precluded the necessity, we suppose, of investigating the effect of the will and the alleged trust.   As Mrs. Graham and Johnson were both parties to the suit, and the former was a mere volunteer, we do not see what obstacle the deed could form to an equitable decree settling the rights of the parties and placing the title wherever the testimony and law might warrant. In the present position of the case, it is impossible for us to express any opinion decisive of the merits.   Not regarding the deed from Johnson however as a bar to the relief sought, we will reverse the judgment and remand the case for a new hearing in the land court.   Judgment reversed and remanded ; the other judges concur.