JOHN C. KELLY AND WIFE, Respondents, *v.* BENJAMIN JOHN-
SON *et als.*, Appellants.

*Statute of Frauds—Trusts.*—The parol declaration made by a purchaser of land,
held in trust by the vendor, that the vendor should hold the land for the
benefit of the wife of the vendee, may be revoked at any subsequent period,
and a devise of the land by the vendee to a third person, operates as a
revocation. (S. C. 28 Mo. 249.)

*Appeal from St. Louis Land Court.*

This was a petition in the nature of a bill in chancery,
to divest Johnson of the legal title of a tract of land alleged
to be in him, and to vest the same in plaintiff as equitable
owner, and to compel defendant Graham to litigate her title
to the same with plaintiff. The answer disclaimed all title,
legal or equitable, to the premises by defendant Johnson;
set up that he conveyed the title before the institution of the
suit to his co-defendant Graham; that he had no interest in
the subject or object of the suit.

The answer expressly denies that at or before the time
Johnson took the deed, Graham paid him any money what-
ever. The answer further contains a denial on the part of
Mrs. Graham, of the resulting trust set up in the petition in
favor of Robert Graham, declares that the purchase was
made with the money and credit of Johnson; that Johnson,
after the purchase, agreed however to hold the undivided
one-half in trust for Mrs. Graham, his sister, upon Graham's
paying the unpaid half of the purchase money at the matu-
rity of Johnson's notes; that Johnson agreed to hold it to
that use alone; the answer expressly denied that the
conveyance to Johnson was for himself and Robert Graham,
jointly, and also denied that Robert Graham ever had any
legal or equitable interest in the land.

The case is reported in 28th vol., p. 250. The only evi-
dence offered by plaintiff was Cook, the tenant; who testified
that he first leased the premises from Graham, and then
from Johnson in the year 1853; that he learned from both

parties that they owned the land together and were jointly interested in it. The first conversation he had was with Graham; they talked about the lease of the land; witness offered a price which Graham said was too little, but said he would see Johnson. Afterwards he saw Johnson, who said the price was too little, but if Graham was satisfied he would consent. He paid rents to Johnson; the receipts were taken and signed by Johnson alone; one Mansfield also testified that he had a conversation with Johnson, and that he spoke about the land as though he and Graham owned the land together. Both witnesses testified that the land in controversy was not on Grand avenue, but at the distance of some ten arpens from it. Grand avenue is about two miles west of the court-house; Graham had no other land on or near Grand avenue.

Plaintiff read the will of Robert Graham dated 22d Nov., 1854, in which the following clause appears:

"I give and bequeath to my sister Jane Kelly, wife of John C. Kelly, my land on Grand avenue in St. Louis county, being one acre in quantity, to have, use and enjoy the same during her natural life; remainder to her children, remainder to heirs of testator."

The will was probated August 1st, 1855.

The defendants then read a deed dated 3d April, 1856, from defendant Johnson to defendant Graham, conveying to her the undivided half of the land conveyed to him and described in the petition.

Defendant Frances A. Graham then offered, on her own behalf, to read the deposition of her co-defendant Johnson, in relation to the same subject matter, taken in a case in the Land Court, between Henry Ashbrook, executor under the will of Robert Graham, plaintiff, and Benjamin Johnson, defendant, for the recovery of the same land in 1855.

Any objection on the ground that said deposition was not taken in this cause was waived. The only ground of objection urged was, that the witness was incompetent to testify; the court sustained the objection and defendant duly except-

ed. The defendant Johnson then offered to examine Frances A. Graham, his co-defendant, and some objection was made and sustained, and defendant excepted.

The finding of the court was as follows:

Now at this day come the parties, and the court doth find that the said Benjamin Johnson was, in the life-time of the said Robert Graham, seized in fee of the one undivided half of the four arpens mentioned in the petition, to the use of him the said Johnson and the said Robert Graham as tenants in common thereof, as in said petition is alleged; and that said Graham departed this life as in said petition is mentioned, having by his last will and testament devised all his said interest in said tract of land to the sole and separate use of the plaintiff; and that said Johnson has refused to convey said interest to the plaintiff, and that he hath conveyed the same to Frances A. Graham, one of the defendants, by deed executed before the commencement of this suit, but not placed on record until the commencement thereof, which deed was made to the said Frances A. Graham, without any valuable consideration, both the said Benjamin Johnson and Frances A. Graham having notice of the said devise and of the claim of the plaintiff to said land. Wherefore, it is ordered, adjudged and decreed, that the said undivided half of the said undivided half of the four arpens of land by Homan conveyed to Johnson, as in said petition alleged, and whereof the said Johnson was seized to the use of Robert Graham (the said Johnson being seized of the other undivided half of the said undivided half of said four arpens to his own separate use), be and the same is hereby declared to be vested in the said Jane Kelly, according to the terms and limitations of the last will and testament of the said Robert Graham; and that the said Benjamin Johnson and Frances A. Graham do make, execute and deliver to the said plaintiff a deed of conveyance, vesting in the said plaintiff, according to the terms and limitations of the said last will and testament, all the right, title, interest, claim, estate and demand of the said Benjamin Johnson and Frances A. Gra-

ham in and to the said undivided half of the undivided half of the four arpens of land conveyed by Homan to Johnson, and that plaintiff recover of and from the defendants her costs and charges in this behalf and have execution therefor.

*Krum & Decker*, for appellants.

*Thomas T. Gantt*, for respondent.

BATES, Judge, delivered the opinion of the court.

This case was heretofore in this court, and is reported in 28 Mo. 249. Then the cause was reversed and remanded because the lower court had decided that the deed from Johnson to Mrs. Graham barred the plaintiff of the relief sought by her petition. The case was tried again in the Land Court upon the same pleadings, and a decree rendered for the plaintiff. At that hearing, evidence was given tending to show that both Johnson and Graham had acted in reference to renting the land as if they were joint proprietors of it; but no evidence was given tending to show that Graham paid any part of the purchase money of the land, or to explain the conditions and terms of any payment made by him, so that the averments contained in the petition and the answer are all that appear upon that subject. Nor was any testimony given tending to show whether the money admitted to have been paid by Graham, was either the separate property of the wife, or a gift to the wife. The evidence given does not tend at all to explain the nature of the trust; for it was not inconsistent with the view of it taken by each of the parties.

The petition states, a payment of money by Graham for the purchase of the land, by which means a trust resulted to him. The answer admits a payment of money, but alleges that the payment was made under the express and distinct verbal understanding and agreement, that Johnson should hold the land in trust for the sole and separate use of Graham's wife. Under these circumstances it is immaterial to inquire whether the trust created by the payment of Graham's

money for the purchase of the land resulted to him, or whether its direction was changed by the parol declaration of the husband that it should go to the wife ; for, in the latter case, such parol declaration of the husband, if of any validity, could be revoked by him at a subsequent period, and the devise in this case operates as such revocation, and the plaintiff is entitled to the land. The exclusion of Johnson's deposition did not injure the defendant Mrs. Graham, for its only effect was to establish Mr. Graham's declarations in her favor, which, as stated above, did not affect the title.

Judgment affirmed. Judges Bay and Dryden concur.