EUGENE BENDER, and WALTER BENDER and JOSEPH BENDER, Jr., by Their Next Friend, EUGENE BENDER, Appellants, v. ESTELLE BENDER.

Division Two, March 13, 1920.

1. **RESULTING TRUST: Whence and How It Arises.** A trust results in favor of a party who furnishes the purchase money for real estate, when the title is taken in the name of another. It arises from the facts, not from an agreement, but regardless of and sometimes in spite of an agreement.

2. ———: **Presumption: Conveyance to Wife.** The presumption is that the grantee in a deed conveying real estate intends to hold the title in trust for the person who paid the purchase money. But that presumption is oversome by another where the husband pays the purchase price and his wife is named as the grantee, for then the presumption is that he intended the conveyance prima-facie as a provision for her. But the presumption that he intended the conveyance to operate as a settlement on his wife is rebuttable, but only under circumstances consistent with legal principles.

3. ———: **Coincident With Conveyance: Future Contingency: Express Trust.** A resulting trust must arise, if at all, at the instant the deed is taken. The transaction must be such that the trust arises the moment the title passes. If the trust in favor of the husband's children is made contingent upon the happening of an event in the future, such as the legal separation or divorce of the husband and wife, the children do not have a resulting trust in real estate paid for by the husband and conveyed to him and his wife.

4. ————: **Parol Agreement to Hold in Trust: Express Trust.**
Allegations that the husband's money paid for the real estate and
that it was conveyed to him and her upon an agreement that
in case of their legal separation or divorce, she and he would
convey to their three children, is grounded on an express trust,
which cannot be established by parol.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones,* Judge.

AFFIRMED.

*Jesse A. McDonald, Taylor R. Young* and *T. T. Hinde* for appellants.

(1) "Resulting trusts are those which arise from the acts of the parties by operation of law. The party to be charged as trustee may never have agreed to the trust and may have really intended to resist it, yet if his acts have been such as are in honesty and fair dealing consistent only with a purpose to hold the property in trust, a trust will result by operation of law." Stevens v. Fitzpatrick, 218 Mo. 723; Ferguson v. Robinson, 258 Mo. 129; 39 Cyc. 118. (2) Neither the Statutes of Frauds nor any provision of our statutes precludes parol proof of a resulting trust. Stevens v. Fitzpatrick, 218 Mo. 708; Ferguson v. Robinson, 258 Mo. 113. (3) The existence of an express agreement does not destroy a resulting trust. Shelton v. Harrison, 182 Mo. App. 416; Smithsonian Institution v. Meech, 169 U. S. 409. (4) While there is a presumption of an advancement or gift when the husband purchases with his own funds and deeds to his wife, yet this is a mere presumption of fact and not of law, and may be shown by parol to be a resulting trust. Price v. Kane, 112 Mo. 415; Viers v. Viers, 175 Mo. 453; Siebold v. Christman, 7 Mo. App. 256; Smithsonian Institution v. Meech, 169 U. S. 410.

*Glendy B. Arnold* for respondent.

(1) The court did not err in holding that the plaintiffs' petition counted on an express trust. Sec. 2868, R.

S. 1909; Hillman v. Allen, 145 Mo. 638. (2) The court did not err in excluding the evidence offered by appellants to establish a resulting trust. Hillman v. Allen, 145 Mo. 638; Sec. 2868, R. S. 1909.

WHITE, C.—The appeal is from a judgment of the Circuit Court of St. Louis, dismissing plaintiffs' bill whereby they sought to establish a resulting trust.

The defendant, Estelle Bender, was the mother of the plaintiffs, and Joseph Bender, Sr., was their father. At the time of the trial, plaintiff Eugene Bender was twenty-two years of age, Walter Bender was twenty, and Joseph Bender, Jr., seventeen. In 1901 and thereafter Joseph Bender, Sr., purchased three pieces of real estate in the City of St. Louis described in the petition, and caused conveyance to be made to himself and his wife, Estelle Bender. In 1912, Estelle Bender, the defendant, instituted a suit for divorce against Joseph Bender, Sr., and in 1914 a decree was rendered divorcing them from the bonds of matrimony. At the time of the trial, the three children were living with their father, Joseph Bender, Sr.

The petition sets out that Joseph Bender, Sr., and defendant Estelle Bender, were the apparent owners in fee simple of the property, describing it, and then alleges:

"Plaintiffs further state that at the time of acquiring the foregoing described real estate the same was acquired and purchased by the said Joseph Bender, Sr., with his own funds, but he took the title to the same out in the name of himself and the name of Estelle Bender with the distinct understanding and agreement with the said Estelle Bender that in the event there should be any future separation between the said Joseph Bender and Estelle Bender, said father and mother of these plaintiffs, then and in that event the title and interest of the defendant and Joseph Bender in and to all of said real estate should be conveyed to these plaintiffs and that they should thereafter be owners thereof

and free from any interest whatever of the said Joseph Bender, Sr., and the defendant, Estelle Bender.''

The petition then alleges that decree of divorce was rendered between Estelle Bender and Joseph Bender, Sr., by reason whereof the plaintiffs were entitled to have the property described conveyed to them; that Joseph Bender was ready to convey, but Estelle Bender refused to convey. The prayer is that the title of Estelle Bender be divested and vested in the plaintiffs. The answer is a general denial.

On the trial Joseph Bender, Sr., was sworn; he testified to the relationship of the parties, the acquisition of the property, and that he had paid the purchase money out of his own funds. The plaintiffs then offered to show the agreement set up in the petition, the essential part of which offer was as follows:

''That at the earnest solicitation of his wife Estelle Bender, the defendant here, he (Joseph Bender) consented and agreed to take the title in the joint name of himelf, Joseph Bender, and Estelle, his wife, on condition that in the event that there should ever be any controversy between them, or should there ever be a separation or a divorce between them, then and in that event that that property should be, by Estelle Bender and himself, Joseph Bender, conveyed to the three children of Joseph Bender and Estelle Bender, who are the plaintiffs in this case; that the said Estelle Bender promised and agreed that if he would purchase this property and take the title in the name of himself and her, as his wife, she would do that.''

This evidence was excluded by the court; plaintiffs duly excepted. Thereupon the bill was dismissed.

I. It is claimed by appellant that a trust resulted in their favor by the purchase of the property under the circumstances alleged in the petition, of which they offered proof as stated.

Resulting Trust.

A trust results in favor of a party who furnishes the purchase money for real estate, when the title is taken in the name of another. In this case, if Joseph

Bender, Sr., and Estelle Bender had been strangers to each other and it were shown that he had paid the purchase money and taken the title in the names of the two, nothing further appearing, a trust would result in his favor for the half interest held in the name of Estelle. It might be, if there were anything in the transaction to show he intended it as a gift to his children, that a trust would result in their favor, although it is unnecessary to determine that proposition here.

A resulting trust arises from the facts, not from any agreement, but regardless of and sometimes in spite of an agreement. It is presumed that the holder of the title intends to hold it in trust for the person who paid the purchase money. In this case, however, owing to the relationship of the parties, that presumption is overcome by another presumption. When a husband purchases real property with his own funds and causes same to be conveyed to his wife, prima-facie it is presumed that he intended the conveyance as a provision for his wife, and a trust will not result. [Viers v. Viers, 175 Mo. 1. c. 453; Curd v. Brown, 148 Mo. 1. c. 92.] And where the title in such case is taken in the name of both husband and wife an estate by the entirety occurs. [Moss v. Ardrey, 260 Mo. 1. c. 604.] The presumption that the purchase was an intended settlement on his wife is rebuttable and it becomes necessary to inquire under what circumstances the premsumption may be rebutted.

II. A resulting trust must arise, if at all, at the instant the deed is taken. Unless the transaction is such that the moment the title passes the trust results from the transaction itself, then no trust results. Coincident With Deed. It cannot be created by subsequent occurrences. 1 Perry on Trusts, sec. 133; Barrett v. Foote, 187 S. W. 69; Stevenson v. Haynes, 220 Mo. 206; Kelly v. Johnson, 28 Mo. 249; Richardson v. Champion, 143 Mo. 544.

According to the facts in this case which the plaintiffs seek to establish, no trust resulted at the time the

conveyance was made, but it was contingent upon the
**Express** happening of an event in the future,—the
**Trust.** separation of their parents.

A trust results by operation of law from the facts in
the transaction and never by operation of any agreement; from what the parties *do*—not from what they
agree to do. If a parol agreement providing for a conveyance is resorted to, it at once becomes an express
trust and not a resulting trust, and cannot be established
by parol. [Sec. 2868, R. S. 1909; Thomson v. Thomson,
211 S. W. 52, l. c. 56; Heil v. Heil, 184 Mo. 665, l. c.
676; Price v. Kane, 112 Mo., l. c. 419; 1 Perry on Trusts,
sec. 134.]

The only acts shown here were the payment by
Joseph Bender, Sr., of the purchase money and the conveyance of the property to himself and wife. No further
act or fact is presented which would rebut the ordinary
presumption that he intended it as a settlement upon his
wife. What it is sought to prove is an express agreement on the part of himself and wife to convey the property upon the happening of the contingency, the separation of the two. Under the authorities last cited this
could not be shown by parol testimony. It was an attempt to establish an express trust and not a resulting
trust.

The judgment is affirmed. *Railey* and *Mozley*, *CC.*,
concur.

PER CURIAM:—The foregoing opinion by W<small>HITE</small>,
C., is adopted as the opinion of the court. All of the
judges concur.