HEART OF AMERICA LUMBER CO., RESPONDENT, v. WYATT LUMBER CO., LTD., APPELLANT.—59 S. W. (2d) 800.

Kansas City Court of Appeals. March 6, 1933.

*Goodwin Creason* for respondent.

*George P. Norton* for appellant.

SHAIN, P. J.—The plaintiff, respondent herein, a Missouri corporation with principal place of business in Kansas City, Missouri, filed in the Circuit Court of Jackson County, Missouri, its petition at law on July 23, 1930, and filed at the same time an affidavit, suing out writ of attachment without bond, and attached money in the hands of Burd Johnson-Miles Lumber Company, a corporation of Kansas City, Missouri, which money was owing to Wyatt Lumber Company, Ltd., a foreign corporation, appellant herein.

The action is one for damages alleged as growing out of the appellant's alleged failure to deliver ten (10) cars of hardwood lumber, alleged to have been purchased by the respondent from the appellant.

The appellant made entry of appearance and attachment was, thereby, dissolved. The appellant filed a counterclaim along with its answer in the lower court. The counterclaim asked damages, consequent to money being tied up by the writ of attachment.

The above cause was assigned to Division 6 of the Circuit Court of Jackson County, Missouri.

The case was tried before HON. CLARENCE A. BURNEY, Judge, without a jury. Judgment awarding eight hundred and eighty dollars ($880) damages to the respondent and against the appellant on its counterclaim was had and entered on December 23, 1931.

A motion for a new trial was duly filed and overruled by the court and an affidavit for an appeal duly filed and appeal granted, and in due course, cause was sent to this court.

The facts, as gathered from the record in this case, shows that early in January, 1929, negotiations were had between the appellant and the respondent, touching purchase of lumber by respondent from appellant to be used in river construction work on the Missouri river.

It can be inferred from the evidence, that the respondent had written to the appellant on the 26th day of January, 1929, concerning the purchase of lumber. In response to the letter of the 26th, the appellant sent to the respondent a telegram in words and figures as follows to-wit:

"12K LX 30.     Ruston, La., 1105A, Jan. 28, 1929.

"Heart of America Lumber Co.,

"Relet Twenty sixth will accept order ten cars at twenty six delivered Waverly, Missouri, manufactured from number three hardwoods and fifty cents per thousand commission to you. Answer our expense.

"WYATT LBR. CO., LTD., 1135 A."

The evidence discloses, that after the respondent received the above telegram, there continued negotiations between the parties wherein there were communications passed and it is shown that A. M. Miles, who was in the employ of Turner Lumber Investment Company, was requested by the respondent and upon the respondent's request visited the office of the appellant and, according to the testimony offered by the respondent, did for and on behalf of the respondent leave an order at the appellant's office in words and figures as follows to-wit:

"Order No._____Date 1/31 1929.

"M. Wyatt Lumber Co., Ruston, La.

"Ship to Wm. Hodgman, C. E.

"At Waverly, Mo.

"How Ship    vsi M. O. P.

"Terms_____When_____

"Salesman   Prepay freight   Buyer

"Invoice Heart of America Lbr. Co.,

"Kansas City, Missouri.

"10 cars 1x4   12 to 20 No. 3 & Btr Rgh. or

"Surfaced Hardwoods_____$26.00

"Less 50c Com.

"Stock if surfaced to be 7/8" Hit or Miss SIS or S2S or S4S, at least 3 3/4 wide. No Brash or Brittle stock can be used. Government work for mattress work. Ship one or two cars at once; if satisfactory will release entire order. If O. K. we can give you more if you desire.

"HEART OF AMERICA LUMBER CO.,

"M. J. MILES."

Miles testifies that the above order is in his handwriting. He further testifies, that a Mr. Colvin, who seemed to be in charge of the appellant's office, told him that, "We have wired the Heart of America Lumber Company for ten (10) cars." Miles further testifies, that Colvin told him that, "We have specifications for mattress crates and mattress lumber and we want to get out ten (10) cars of it; that he wrote up the order for ten (10) cars; that he would take more if the stock was available; that Mr. Colvin thanked him for the order."

There is evidence, upon the part of the appellant, contradictory of the above.

The appellant presented evidence to the effect, that Colvin only

had authority to sell soft lumber, and that Colvin had no authority to sell hard lumber.

Mr. Colvin in his deposition testifies; that he never proposed to sell to Mr. Miles; that he never proposed to accept any kind of an order from Mr. Miles; that Mr. Miles left a memorandum of an order on Mr. Perkins's desk; that he told Mr. Miles that Mr. Perkins was the only one, who would sell hardwood lumber or pass upon any order; that Mr. Miles said he would like to leave an order for Mr. Perkins to look over, when he returned, and he could take one car or two cars, or none at all, if agreeable to him.

It appears from the evidence, that Miles's visit to the appellant's office was on January 31, 1929. The evidence shows, that upon February 5, 1925, the following letter was sent by the respondent to the appellant.

"Feb. 5, 1929.

"Wyatt Lumber Company,
"Ruston, La.
"Gentlemen:

"We enclose our Order No. 205-A confirming order placed with you by Mr. M. J. Miles.

"If you figure you can get out more of this stock will be very glad to have you advise us.

"Yours very truly,
"JET:G                HEART OF AMERICA LUMBER COMPANY."

The evidence discloses, that the appellant never shipped any lumber to the respondent.

There is evidence to the effect, that by reason of the appellant's failure to ship, that the respondent was compelled to go upon the market and buy at an advanced price of $4 per thousand. There is also evidence to the effect, that a car of lumber of the kind in controversy, consisted of 22,000 feet.

The appellant's motion for a new trial and the appellant's assignment of errors are somewhat general and indefinite in character. The respondent in its brief, contends that the appellant's motion for a new trial is too indefinite and general to advise the trial court of its errors, and that therefore, this court should not consider any alleged errors of the trial court.

The courts of Missouri are very liberal, touching matters of specification of error, especially where the cause is tried by the court sitting as a jury.

The policy of the courts of this State, touching specifications of error in motions for a new trial, especially in civil cases, is very liberal. [Wampler v. Railroad, 269 Mo. 464.]

In view of the rule as declared in the above case, we hold that the respondent's contention is not tenable in this case.

The appellant alleges error of the trial court in permitting evidence over the objection of the appellant. The particular evidence, the admission of which is claimed to be error, is not clearly set forth, except in this language, "Illegal and incompetent evidence by oral testimony in the place and stead of written bills, account and contracts, to prove what lumber, if any, was purchased etc."

There is much liberality in the admission of testimony, when the judge of the court is the trier of the fact.

This court, from an examination of the record, finds no reversible error in the admission of the testimony.

It is shown by the record in this case, that the appellant raised an objection to the pleading as not stating a cause of action. This objection, if any cause of action is stated, is of course waived by the appellant joining issue and going to trial and by failure to save the point by motion in arrest. We conclude, that the petition states a cause of action. So finding, the rule as declared in Rodgers v. Ins. Co., 186 Mo. 248, 1. c. 255, applies.

The appellant, it is shown by the record, makes contention that the transaction in issue comes within the Statute of Frauds.

This court concludes, that the letters and telegrams in evidence clearly takes the case out of the Statute of Frauds. [Sec. 2968, R. S. 1929; Milling Co. v. Elevator, 237 S. W. 205; Pierson v. Potter, 210 A. 387, 239 S. W. 559.]

The above two claims of error are not directly set out in the appellant's "Assignment of Errors." The court has commented on the above for the reason, that much of the appellant's specification of error is based upon the appellant's contention, that no cause of action is stated and that the issues come within the Statute of Frauds.

The record shows that the appellant asked for declaration of law. These are set out in the records as 1, 2, 3, and 4.

The court refused 2 and 3 and gave 1 and 4.

The appellant assigns as error the court's refusal to give 2 and 3.

Declaration Number 2 is in effect a peremptory instruction asked by the appellant, evidently upon the appellant's contention as to statement of cause of action and Statute of Frauds. This court finds no error in the refusal of the trial court to give.

Declaration Number 3 presents the case as within the Statute of Frauds. The trial court was right in refusing to give.

The appellant makes general charges of error to the trial court, in not following the declared law, as to the issues of the counterclaim and charges error in the findings of law and fact and in the application of law and facts to the issues.

The pertinent question to be determined in this case is as to whether the appellant's communication of January 28, 1929, and appellant's order of January 31, 1929 (both set out in full above), when taken in connection with all the facts and circumstances in evidence, con-

stitutes such a contract that the breach thereof by appellant, entitles the respondent to damages for breach.

Considerable controversy arose in the trial court over the fact, that the appellant's telegram of January 28, 1929, designated "Manufactured from number three hardwoods," while the order of January 31, 1929, read, "10 cars 1x4-12 to 20 feet No. 3 and Btr."

This court concludes, that the evidence of Mr. Miles to the effect that the order of January 31, 1929, was delivered direct at the home office of appellant and accepted at the time, is sufficient to support the verdict.

However, if not sufficient there is ample evidence in the record that "Manufactured from Number three hardwood" and "No. 3 and better," means the same thing.

This court concludes, that there was no reversible error committed by the trial court in respect to, findings of fact, conclusions of law, application of law to facts, nor in application of law and facts to the issues presented.

As the finding of the trial court was for the respondent for damages, it follows, that the finding of the trial court must be against the appellant on its counterclaim.

Findings, judgments and decrees of the lower court affirmed. All concur.