JOHNSON et al. v. JOHNSON.

No. 7243.

Springfield Court of Appeals,

Missouri.

April 29, 1954.

J. A. Appelquist, Mt. Vernon, for appellant.

Royle Ellis, Cassville, Stemmons & Stemmons, Mt. Vernon, for respondents.

McDOWELL, Presiding Judge.

This action is under the declaratory judgment act to have judicially determined the interest of the estate of Hancel E. Johnson, deceased, and of defendant, Zella Johnson, his widow, in and to a bank account carried in the name of H. E. Johnson, in the Union National Bank of Springfield, Missouri.

The case was tried in Lawrence County, Missouri, and judgment rendered for defendant on plaintiffs' petition and for defendant on count one of her cross petition for $1,876 declaring said amount to be proceeds from land owned by the entirety and property of defendant; that the balance of the bank account, $4,685.50 was the property of the estate. From this judgment defendant appealed.

The petition states plaintiffs are brothers of Hancel E. Johnson, and his heirs; that defendant is his widow and administratrix of the estate; that defendant claims one-half of a bank account of $6,560.50 carried in the name of the deceased in the Union National Bank of Springfield, at his death. Plaintiffs state the deposit belongs in the estate and asks the court by its judgment to so declare and to find that defendant has no title or interest therein.

Defendant filed an amended answer and cross petition. In this answer she denies the allegations of the petition. The cross petition contained two counts. Count two was dismissed. In count one, defendant affirmatively pleads that defendant is entitled to have a trust impressed on said bank account in the sum of $5,675, being proceeds from real estate owned by the entirety; that said money was deposited in the name of deceased without the knowledge or consent of defendant.

The prayer is for decree that $5,675 of said bank account be declared property of defendant and released to her as her sole property.

The facts are undisputed; Hancel E. Johnson died August 11, 1951, intestate, leaving as his heirs, Zella Johnson, his widow, two brothers, Waldo and Loren Johnson, and others. Zella Johnson was appointed administratrix and took charge of the assets of the estate, including a bank account of $6,560.50 in the Union National Bank of Springfield, carried in the name of H. E. Johnson. There is nothing in dispute but this bank account. Plaintiffs seek to have the bank account declared the property of the estate. Defendant, in count one of cross petition, seeks to have judgment for $5,675 of the account declared her sole and separate property, being funds derived from sale of real estate held by her and deceased husband as tenants by the entirety.

The bank records, in evidence, show that H. E. Johnson, deceased, had carried an account in the Union National Bank in his name since 1933; that on May 2, 1950, he withdrew $3,800 from the account and purchased land, taking title in the name of himself and wife, by the entirety. On May 8, 1950, the bank account was at its lowest amount, $599.18. On May 19, 1950, de-

ceased deposited a cashier's check, drawn on the First National Bank of Mt. Vernon, payable to deceased and Zella O. Johnson, dated May 16, 1950, for $4,000. The check bore a notation "Johnson-Lewis escrow". The evidence showed that this check was given for the sale of real estate held by the entirety as part payment on a purchase price of $12,500.

July 28, 1948, deceased and wife sold 80 acres of land to Dallas C. Carter and wife, receiving 4 cows as a down payment, the balance to be paid by instalments of $500 and interest. On July 28, a check was given deceased by said Carter of $675, being an instalment on this land held by the entirety and was, by him, deposited July 29, 1950. On May 12, 1951, Stanford Lewis paid an instalment of $1,000, which was, by deceased, deposited in his name in the bank account.

We think the testimony is admitted that the deposits of $4,000, $675 and $1,000, made by deceased, in the Union National Bank, were monies received from lands sold by the deceased and his wife, which were held by entirety. These deposits were directly traced into the bank account.

The sole question in this lawsuit is, was the trial court justified in deducting $3,800 from the amount of these deposits, to-wit, $5,675 paid by the deceased on May 2, 1950, for lands purchased and taken in the name of deceased and defendant by the entirety?

In this opinion we will refer to appellant as defendant and to respondents as plaintiffs, the position they held in the lower court.

Defendant's first assignment of error contends that the deposits in dispute, in the sum of $5,675, received from sale of lands held by the entirety retained their entireties estate characteristics, when deposited by the husband in a bank account in his name; that a trust arose in favor of defendant from the date of the deposit. She cites Schwind v. O'Halloran, 346 Mo. 486, 142 S.W.2d 55.

In this case plaintiff seeks to establish the interest of herself and others in certain notes of the value of $40,000, secured by deed of trust, as property held by herself and husband by the entirety and to restrain the administrator from interfering with the rights of herself and her transferees in and to said property. Defendant contended that the property belonged to the estate. On page 58 of 142 S.W.2d of the opinion, the court makes the following statement of law:

"* * * The issue does not pivot merely on the intention of Mr. Schwind. An estate by the entirety in Missouri and at common law possesses like characteristics. Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 168, 201 S.W. 67, 70(8), L.R.A. 1918C, 1009; Frost v. Frost, 200 Mo. 474, 483, 98 S.W. 527, 528, 118 Am.St.Rep. 689; Bains v. Bullock, 129 Mo. 117, 119(1), 31 S.W. 342, 343(1). Unities of interest, title, time and possession exist in the husband and wife. They are one person in law. Upon the death of one, the survivor continues to hold the whole title because there is no one to share it—not because of the survivorship, which effects a change in the person only and not the estate. Garner v. Jones, 52 Mo. 68, 71(1); Wilson v. Frost, 186 Mo. 311, 319, 85 S.W. 375, 377, 105 Am.St.Rep. 619, 2 Ann.Cas. 557. At common law the husband stood as the legal personification of the marital unit and was entitled to the possession and usufruct of the wife's real estate by reason of his marital rights, including real estate held by the entirety. Hough v. Jasper County Light & Fuel Co., 127 Mo.App. 570, 576, 106 S.W. 547, 548. However, our Married Woman's acts (Cf. Secs. 2998, 3002, 3003 and 3004, R.S.1929, Mo.St.Ann. §§ 2998, 3002–3004, pp. 5055, 5062, 5064, 5073) protect the wife's interest in an estate by the entirety by removing the husband's jus mariti at the common law. * * *

"There is no positive proof that Mr. Schwind furnished all of the consideration for the conveyances to himself and wife. Each deed recited that Mr. and Mrs. Schwind paid the consideration therefor. Had Mr. Schwind paid the consideration and directed that title be vested in himself and wife, the law would presume he in-

tended the conveyances as a provision for his wife (Lieberstein v. Frey, Mo.Sup., 92 S.W.2d 114, 117(1); Bender v. Bender, 281 Mo. 473, 476(1), 220 S.W. 929, 930(2), among others) * * *.

"* * * In other words, the proceeds derived from one sale of property held by the entirety, absent other factors, retains its entirety characteristics and such characteristics follow it upon reinvestment.

"* * * Plaintiff does not seek to recreate, renew or revive an estate by the entirety. Under the record, the estate by the entirety did not cease to exist upon the sale of the real estate but merely was transferred from the real estate to the proceeds derived therefrom. * * *

"There is no evidence of any gift by Mrs. Schwind of her interest to Mr. Schwind or a reduction by her husband of her said interest to his possession with her assent in writing or otherwise. He was as much entitled to possession as she. His mere use, care or protection of the property did not effect a change in its ownership.

"Does the evidence sufficiently trace the proceeds from the real estate held by the entirety to the secured notes here involved? We think so. * * *"

In Linders v. Linders, 356 Mo. 852, 204 S.W.2d 229, 232, the court made the following statement:

"* * * An estate by the entirety in Missouri and at common law possesses like characteristics. Unities of interest, time, title and possession exist in the husband and wife. Upon the death of one, the survivor continues to hold the whole title because there is no one to share in it—not because of the survivorship, which effects a change in the person only and not in the estate. Schwind v. O'Halloran, 346 Mo. 486, 142 S.W.2d 55. * * *"

In Lieberstein v. Frey, Mo.Sup., 92 S.W. 2d 114, 117, 118, the court said:

"* * * Conceding for the moment that Louis Lieberstein made no gifts of any

money to his wife and that the money which was used to purchase the property herein involved belonged to Louis, the uncontroverted proof was that the deeds were made to his wife at his direction and with his full knowledge and consent. Under those circumstances, the presumption is that he intended the conveyances as a provision for his wife and that no trust was intended. Bender v. Bender, 281 Mo. 473, 220 S.W. 929. It is true that this is a rebuttable presumption. (Thierry v. Thierry, 298 Mo. 25, 249 S.W. 946), but, in order that the presumption be overthrown, the evidence must be 'clear, strong, unequivocal, and so definite and positive as to leave no room for doubt in the mind of the chancellor' that a trust was intended. * * *" See cases cited.

We find from the facts and under the law as above cited, that the conclusion of law reached by the trial court that the proceeds from the sale of real estate, held by husband and wife, traced to and deposited in the bank account in the name of H. E. Johnson, only, retains all features and characteristics of an estate by the entirety and becomes the property of the defendant. We do not agree that it becomes the property of defendant because of survivorship but, as stated in Linders v. Linders, supra, "Upon the death of one, the survivor continues to hold the whole title because there is no one to share in it—not because of the survivorship, which effects a change in the person only and not in the estate."

We agree with defendant's contention under point II, that a husband purchasing land and taking title in the name of his wife and self, presumptively does so to provide for the wife. Schwind v. O'Halloran, supra; Lieberstein v. Frey, supra.

In the case at bar the trial court found that $5,675 of the bank account in question were funds derived from property held by the deceased and defendant by the entirety and traced directly to this particular bank account; that said property did not lose its characteristics as a fund held by the

entirety. With that finding we fully agree under the authorities herein cited.

In Cross v. Cross, 362 Mo. 1098, 246 S.W.2d 801, on page 803, decided by the Supreme Court in 1952, this law is stated:

"* * * 'It is a well-established rule that when a trustee has received and commingled trust funds with his own funds, it is presumed, in the absence of a contrary showing, that the trust funds are still there, and it will be considered that what was paid out of the commingled funds for other than trust purposes was paid out of the trustee's personal funds and not out of the trust money, and that all the rest remains as trust funds.' Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353, 358; see also Orr v. St. Louis Union Trust Co., 291 Mo. 383, 236 S.W. 642; * * *".

■ Under the authority herein cited, the law is stated that where one commingles trust property with his own property it is presumed, in the absence of a contrary showing, that the trust funds are still there and it will be considered that what was paid out of the commingled funds for other than trust purposes was paid out of the trustee's personal fund and not out of the trust money. Under the evidence in the case at bar the trial court must have found that $3,800, drawn from this account by the deceased May 2, 1950, to purchase a tract of land, which was conveyed to himself and wife as tenants by the entirety, was a part of the trust property which was reinvested, as he says in his opinion, "simultaneously" with the deposit of the trust fund in question.

The evidence does show that one tract of this land, held by the entirety, was sold in 1948 and that there had been three instalments paid since the sale. It does not show where the first two instalments were deposited but the third instalment of $675 was deposited July 29, 1950, which would be two months and twenty seven days after the $4,000 traced to this bank fund was deposited May 19, 1950, and that the $1,000 making up the trust fund was deposited May 12, 1951. All of the payments which

constitute the trust fund claims were made after the paying out of the $3,800, which the trial court deducted from the amount of the trust fund. We are unable to see how the trial court could find that the trust fund of $5,675.00, deposited after the investment of the $3,800, could be simultaneously paid out or be a part of this particular trust fund. So far as the evidence shows in this case the bank account existing prior to the depositing of this trust fund from the sale of lands held by the entirety, might, likewise, have been a trust fund. There is no showing as to where or who owned that account excepting that it was deposited in deceased's name.

■ Under the law, as set out in the cases cited herein, it is presumed that when the deceased paid out money from his bank account, which had commingled in it monies held in trust, he paid the money out of his own funds and not out of the trust funds. In order to sustain the trial court's decision herein we must find from the evidence that the $3,800 invested in real estate, the title which was taken in the name of deceased and his wife, must have been a reinvestment of the trust funds for trust purposes, otherwise, the proceeds of the trust fund retain the characteristics of the trust. Nelson v. McLean, 236 Mo.App. 718, 161 S.W.2d 676; Cross v. Cross, supra.

In 54 Am.Jur. page 204, Sec. 206, the law is stated:

"It is a broad and fundamental rule that withdrawals from a mass, fund, bank account, or estate, in which trust property or funds have been commingled, where such withdrawals are made by a trustee for other than trust purposes, will be presumed to be made from other property and funds before they are made from the trust property and funds commingled therein. * * * The basis of the rule is the underlying presumption that a person is innocent of crime or wrong, and that it is reasonable to think that a trustee ordinarily will withdraw for his private purposes money belonging to him rather than that belonging to the trust. * * *"

It is a fundamental principle of law in this state that there is such a confidential relationship between husband and wife that when the husband invests his personal funds in real estate and takes title in the name of himself and wife, he intends to protect his wife's future and that an estate by the entirety is created.

We do not agree with plaintiff's first contention that defendant is estopped to assert her rights to the property in question. The authorities cited by plaintiffs properly state the law under the facts in those cases but the facts in the case at bar are not sufficient to constitute an estoppel.

It is true that when the estate was inventoried by defendant, she claimed one-half of the estate because of a partnership but there is no evidence to show that she was fully apprised of her rights at that time. The rights of innocent third parties are not involved. Schwind v. O'Halloran, supra, 142 S.W.2d at page 60, and cases cited therein.

It is true that the evidence does not show that defendant had knowledge of the manner in which the bank deposits were made or whether they were made with or without her consent. There is nothing in the record to show that she released her rights to such property.

We have no dispute with the abstract proposition of law stated in plaintiffs' assignment No. II.

We also agree with plaintiffs' contention that the presumption that purchase of property by husband was an intended settlement is rebuttable. We think the facts in the case at bar are not sufficient to rebut such presumption.

It is the order and judgment of this court that the judgment of the trial court be set aside and that judgment be entered for plaintiffs on their petition that the estate of deceased Hancel E. Johnson is the owner of and entitled to $885.50 of the bank account in question and that Zella Johnson, defendant, have judgment on count one of her cross petition that she is the owner and entitled to $5,675 in said bank account of deposit as proceeds of property held by the entirety.

BLAIR and STONE, JJ., concur.